```
FILED

MAY 2 0 2013

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                              DEPUTY
```

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVE KASSAB,<br><br>                              Petitioner,<br><br>           v.<br><br>UNKNOWN, Warden<br><br>                              Respondent. | Civil       13-1162 WQH (RBB)<br>No.<br><br>**ORDER DISMISSING CASE<br>WITHOUT PREJUDICE AND<br>WITH LEAVE TO AMEND** |

Petitioner, a state prisoner proceeding pro se, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.

## FAILURE TO SATISFY FILING FEE REQUIREMENT

Petitioner has failed to pay the $5.00 filing fee and has failed to move to proceed in forma pauperis. This Court cannot proceed until Petitioner has either paid the $5.00 filing fee or qualified to proceed in forma pauperis. *See* Rule 3(a), 28 U.S.C. foll. § 2254.

## FAILURE TO NAME PROPER RESPONDENT

Review of the Petition reveals that Petitioner has failed to name a proper respondent. On federal habeas, a state prisoner must name the state officer having custody of him as the respondent. *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996) (citing Rule 2(a), 28 U.S.C. foll. § 2254). Federal courts lack personal jurisdiction

1  when a habeas petition fails to name a proper respondent. *See id.*

2  The warden is the typical respondent. However, "the rules following section 2254
3  do not specify the warden." *Id.* "[T]he 'state officer having custody' may be 'either the
4  warden of the institution in which the petitioner is incarcerated . . . or the chief officer
5  in charge of state penal institutions.'" *Id.* (quoting Rule 2(a), 28 U.S.C. foll. § 2254
6  advisory committee's note). If "a petitioner is in custody due to the state action he is
7  challenging, '[t]he named respondent shall be the state officer who has official custody
8  of the petitioner (for example, the warden of the prison).'" *Id.* (quoting Rule 2, 28
9  U.S.C. foll. § 2254 advisory committee's note).

10  A long standing rule in the Ninth Circuit holds "that a petitioner may not seek [a
11  writ of] habeas corpus against the State under . . . [whose] authority . . . the petitioner is
12  in custody. The actual person who is [the] custodian [of the petitioner] must be the
13  respondent." *Ashley v. Washington*, 394 F.2d 125, 126 (9th Cir. 1968). This
14  requirement exists because a writ of habeas corpus acts upon the custodian of the state
15  prisoner, the person who will produce "the body" if directed to do so by the Court.
16  "Both the warden of a California prison and the Director of Corrections for California
17  have the power to produce the prisoner." *Ortiz-Sandoval*, 81 F.3d at 895.

18  Here, Petitioner has not named a Respondent. In order for this Court to entertain
19  the Petition filed in this action, Petitioner must name the warden in charge of the state
20  correctional facility in which Petitioner is presently confined or the Director of the
21  California Department of Corrections. *Brittingham v. United States*, 982 F.2d 378, 379
22  (9th Cir. 1992) (per curiam). If Petitioner is on probation or parole, Petitioner must name
23  the person who will produce "the body" if directed to do so by the Court, i.e., his parole
24  officer and the official in charge of the parole agency, or his probation officer and the
25  official in charge of the probation agency. *See Ortiz-Sandoval*, 81 F.3d at 894.

26  **FAILURE TO ALLEGE EXHAUSTION OF STATE JUDICIAL REMEDIES**

27  Further, habeas petitioners who wish to challenge either their state court
28  conviction or the length of their confinement in state prison, must first exhaust state

1    judicial remedies.  28 U.S.C. § 2254(b), (c); *Granberry v. Greer*, 481 U.S. 129, 133-34

2    (1987).  Ordinarily, to satisfy the exhaustion requirement, a petitioner must "'fairly

3    present[]' his federal claim to the highest state court with jurisdiction to consider it, or

4    . . . demonstrate[] that no state remedy remains available." *Johnson v. Zenon*, 88 F.3d

5    828, 829 (9th Cir. 1996) (citations omitted).  Moreover, to properly exhaust state court

6    remedies a petitioner must allege, <u>in state court</u>, how one or more of his or her federal

7    rights have been violated.  For example, "[i]f a habeas petitioner wishes to claim that an

8    evidentiary ruling at a state court trial denied him [or her] the <u>due process of law</u>

9    <u>guaranteed by the Fourteenth Amendment</u>, he [or she] must say so, not only in federal

10   court, but in state court." *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995)(emphasis

11   added).

12        Petitioner specifically indicates he did not seek review in the California Supreme

13   Court. (*See* Pet. at 6-9, ECF No. 1.) Petitioner states that he was unable to do so because

14   he was convicted of misdemeanor offenses, and, per California procedure, appealed to

15   the Appellate Division of the Superior Court.  After his appeal was denied by that court,

16   he sought to have the case transferred to the California Court of Appeal, but that request

17   was also denied.  Petitioner states he could not file anything in the California Supreme

18   Court because the superior court and the appellate court denied his requests for

19   certification and transfer.  (*Id.* at 5.)  The Ninth Circuit has held, however, that a

20   petitioner in such circumstances must still present his claims to the California Supreme

21   Court via a Petition for Writ of Habeas Corpus in order to satisfy the exhaustion

22   requirement. *See Larch v. Simons*, 53 F.3d 1068, 1071-72 (9th Cir. 1995) (holding that

23   "before turning to the federal courts for habeas review, misdemeanants must present their

24   constitutional claims to the California Supreme Court by means of state habeas

25   petitions").

26        Further, the Court cautions Petitioner that under the Antiterrorism and Effective

27   Death Penalty Act of 1996 (AEDPA) a one-year period of limitation shall apply to a

28   / / /

petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C.A. § 2244(d)(1)(A)-(D) (West Supp. 2002).

The statute of limitations does not run while a properly filed <u>state</u> habeas corpus petition is pending.  28 U.S.C. § 2244(d)(2); *see Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999).  *But see Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (holding that "an application is 'properly filed' when its delivery and acceptance [by the appropriate court officer for placement into the record] are in compliance with the applicable laws and rules governing filings.").  However, absent some other basis for tolling, the statute of limitations does run while a <u>federal</u> habeas petition is pending.  *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001).

Rule 4 of the Rules Governing Section 2254 Cases provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . ." Rule 4, 28 U.S.C. foll. § 2254.  Here, it appears plain from the Petition that Petitioner is not presently entitled to federal habeas relief because he has not alleged exhaustion of state court remedies.

/ / /

**IN CUSTODY REQUIREMENT**

"Subject matter jurisdiction under the federal habeas corpus statute, 28 U.S.C. § 2254(a), is limited to those persons 'in custody pursuant to the judgment of a State.'" *Brock v. Weston*, 31 F.3d 887, 889 (9th Cir. 1994); *see also* 28 U.S.C. § 2241(c)(3).  It is a jurisdictional requirement that, at the time a habeas petition is filed, "the habeas petitioner be 'in custody' under the conviction or sentence under attack."  *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989) (citing 28 U.S.C. §§ 2241(c)(3) & 2254(a)); *see Carafas v. LaVallee*, 391 U.S. 234, 238 (1968)).

Upon review of the documents filed in this case, it is not clear that Petitioner is currently in the custody of the State of California, nor was he when he filed the Petition because it lists Petitioner's address as "4101 Market Street, San Diego, CA 92102."  In addition, Petitioner states his start date of his sentence is May 21, 2013. (*See* Pet. at 1-2, ECF No. 1.)

**CONCLUSION**

For the foregoing reasons, the Court **DISMISSES** the Petition without prejudice and with leave to amend.  To have this case reopened, Petitioner must, **no later than July 23, 2013**: (1) pay the $5.00 filing fee **OR** submit adequate proof of his inability to pay the fee; **AND** (2) file a First Amended Petition that cures the pleading deficiencies outlined in this Order. ***The Clerk of Court is directed to mail Petitioner a blank Motion to Proceed In Forma Pauperis Application and a blank First Amended Petition form to Petitioner together with a copy of this Order.***

**IT IS SO ORDERED.**

DATED: _____5/20/13_____          _____

William Q. Hayes
United States District Judge

13cv1162